IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP -8 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-01779-BNB

ROBERT CHARLES HOPES, JR.,

    Plaintiff,

v.

R. BAUER, Health Service Administrator,
M. SCHAPAUGH, Assistant Health Service Administrator,
J. JONES, Associate Warden,
DR. J. LORINCZ, Dentist, DMD,
R. WILEY, Warden,
T. O. MANSPEAKER, Senior Officer Specialist,
T. NIX, Senior Officer Specialist,
OFFICER TELLIZ, Senior Officer,
MS. GREENWOOD, Assistant Health Service Administrator,
NONA GLADBACH, Nurse Practitioner,
A. OSAGIE, Physicians [sic] Assistant,
D. SCHIEFELBIEN, Physicians [sic] Assistant,
J. WELLS, Health Tech,
J. HARRIS, Health Tech,
B. DALGLIESH, Health Tech,
MS. MITCHELL, PHS,
L. MCDERMOTT, MRAS, and
Y. FETTERHOFF, MRAS,

    Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Robert Charles Hopes, Jr., is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. Mr. Hopes has filed *pro se* a Prisoner Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); 28 U.S.C. §§ 1331, 1346, 1657, and 2671-

2680; and 18 U.S.C. §§ 241, 242, and 245. He asks for money damages and declaratory and injunctive relief.

To the extent Mr. Hopes is attempting to initiate a federal criminal prosecution pursuant to 18 U.S.C. §§ 241, 242, and 245, he seeks to invoke the authority of United States attorneys under 28 U.S.C. § 547 to prosecute for offenses against the United States. He may not do so. Courts universally endorse the principle that private citizens cannot prosecute criminal actions. *See, e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir.1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo.1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). Therefore, to the extent he is attempting to do so, Mr. Hopes lacks standing to maintain a criminal action.

Mr. Hopes has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee. The Court must construe the complaint liberally because Mr. Hopes is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Hopes will be ordered to file an amended complaint.

The Court has reviewed Mr. Hopes' complaint and finds that the complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See **TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), **aff'd**, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Hopes claims concern his medical and dental care. He asserts his claims pursuant to *Bivens* and the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680, as well as pursuant to other statutory authority. However, he fails to clarify which claims are asserted pursuant to which statute. To the extent Mr. Harper is attempting to assert

FTCA claims, he should note that in an FTCA action, the United States is the only proper Defendant. 28 U.S.C. § 2679(d)(1).

Mr. Hopes fails to set forth a short and plain statement of his *Bivens* claims showing that he is entitled to relief. Rather than stating his *Bivens* claims once in a clear, succinct, and factual manner, he makes the same repetitive allegations in an attempt to show the personal participation of each named Defendant in the asserted claims. As a result, his *Bivens* claims are verbose, redundant, and surprisingly vague because he fails to allege sufficient facts demonstrating each Defendant's personal participation.

Mr. Hopes will be directed to file an amended complaint asserting all of the claims he seeks to assert against all the Defendants he plans to sue. Mr. Hopes is advised that, in order to state a claim in federal court, his amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Furthermore, personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Hopes must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held

liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Finally, Mr. Hopes must provide sufficient copies of the amended complaint to serve each named Defendant. The Court will not make the copies necessary for service. Therefore, Mr. Hopes should review his claims carefully to ensure that each named Defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. Hopes file **within thirty (30) days from the date of this order** an original and sufficient service copies of an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Hopes, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Hopes submit sufficient copies of the amended complaint to serve each named Defendant. It is

FURTHER ORDERED that, if Mr. Hopes fails to file an original and sufficient service copies of an amended complaint that comply with this order to the Court'ssatisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED September 8, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01651-BNB

Robert C. Hopes, Jr.,
Reg. No. 04249-180
ADX - Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on 9/8/08.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk